IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DOUGLAS J. HADAWAY, #369-822 | * |
| | * Civil Action No. ELH-14-894 |
| Petitioner | * |
| | * |
| v | * |
| | * |
| DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES | * |
| | * |
| Respondent | * |
| | *** |

**MEMORANDUM OPINION**

Respondent is requesting dismissal of Douglas J. Hadaway's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as supplemented, on the grounds of failure to exhaust. Plaintiff was provided an opportunity to reply but has not done so. (ECF 13). After considering the filings, the court deems a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2014).

**BACKGROUND**

Hadaway, an inmate at the Maryland Reception, Diagnostics and Classification Center, claims he is detained unlawfully because he has not received a timely parole revocation hearing before the Maryland Parole Commission ("Parole Commission"). On the day Hadaway filed this petition, March 21, 2014, he had a pending trial date in the Circuit Court for Carroll County in case number 06K14045002, in which he was charged with: 1) reckless endangerment; 2) attempting to elude uniformed a police officer by failing to stop ("fleeing and eluding"); 3) possession of a controlled dangerous substance; and 4) related non-incarcerable traffic offenses. (ECF 11, Ex. A). Hadaway's retake warrant for violating his supervised release was predicated on these charges.

On April 14, 2014, Hadaway pleaded guilty to reckless endangerment and fleeing and eluding, and the remaining charges were dismissed. *Id*. He was sentenced to five years of incarceration, with all but eighteen months suspended, followed by five years of supervised probation on the reckless endangerment charge, and a concurrent one-year sentence on the fleeing and eluding charge. *Id*. According to respondents, Petitioner's revocation hearing was to be scheduled for May 2014.[1]

Since his return to custody, Hadaway has not filed any petitions in state court raising the issue presented here. ECF 4. Respondents assert that because Hadaway has not filed a habeas corpus petition in state court since his return to state custody in November 2013, he has failed to exhaust his claim.

## DISCUSSION

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies before seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief") (internal quotation marks omitted). Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court." *Jones v. Bock*, 549 U.S. 199, 207 (2007).

This petition is also subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536,

---

[1] The record does not show whether the revocation hearing was held. The Maryland Judiciary Case website indicates that a modification hearing was scheduled for July 30, 2014, in case number 06K14045002 (theft and fleeing and eluding convictions), and an amended commitment record issued on August 1, 2014. *See* http://casesearch.courts. state.md.us/inquiry/inquiryDetail.jis?caseId=K. =06K14045002&loc=61&detailLoc=K.

538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms*, 627 F.3d at 531 (applying exhaustion requirements to 2241 petition challenging civil commitment). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Hadaway provides no evidence that he has satisfied the exhaustion requirement. Accordingly, his petition will be dismissed, without prejudice.

Hadaway has no absolute entitlement to appeal a district court's denial of his habeas corpus request. See 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).

Hadaway does not demonstrate entitlement to a COA in the instant case. Accordingly, the petition will be dismissed, without prejudice, and a certificate of appealability will not issue. A separate Order follows.

<u>September 16, 2014</u>                  _____/s/_____
Date                                                  Ellen Lipton Hollander
                                                         United States District Judge